IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**BRANDON D. COLLINS**                                                               **PLAINTIFF**

Vs.                              **CASE NO. 4:07CV00320 JMM**

**CATERING CONNECTION, INC.**                                         **DEFENDANT**
d/b/a CAFÉ 42  (originally sued as Café 42 William Presidential Library)

## ORDER

Pending is Defendant, Catering Connection, Inc.'s motion to dismiss.  (Docket # 13). Plaintiff has not responded.  Plaintiff's complaint alleges employment discrimination based upon race pursuant to Title VII.  Defendant contends that Plaintiff's complaint fails to state a claim upon which relief may be granted.

The Court is mindful that a complaint should be dismissed for failure to state a claim only if it appears beyond doubt that a plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *Springdale Educ. Ass'n v. Springdale Sch. Dist*., 133 F.3d 649, 651 (8th Cir. 1998). The Court must accept the factual allegations in the complaint as true and hold a plaintiff's *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, such liberal pleading standards apply only to a plaintiff's factual allegations. *Neitzke v. Williams*, 490 U.S. 319, 330 n. 9 (1989). A plaintiff's complaint still must contain allegations sufficient to state a claim, as a matter of law, and must not set forth allegations that are merely conclusory. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

In his Complaint, Plaintiff makes an incomplete conclusory statement that Defendant

discriminated against him on the basis of race by terminating his employment. Plaintiff alleges "because of my 2 years culinary arts and how young that I am and he does not have it and my 2 years in Scottdale but I not done yet." Plaintiff's complaint refers to his EEOC charge wherein he claims that "in August 2006, I was interviewed by the Executive Chef and told that I would be hired as a Head Line Cook. On or about August 17, 2006, I began work as a Dishwasher. I was discharged the end of August 2006 or the beginning of September 2006 by the Executive Chef. The Executive Chef said that I was not up to his standards. I believe that I was discharged because of my race, black, and sex, male, in violation of Title VII of the Civil Rights Act of 1964, as amended."

As it now stands, Plaintiff's Complaint is too vague and ambiguous for Defendant to frame a responsive pleading. Thus, the Court will give Plaintiff twenty days to file an Amended Complaint that specifies: specific facts demonstrating that he is a member of a protected class, that he met the legitimate expectations of his employer, that he suffered an adverse employment action, that similarly situated employees that were not members of the protected class were treated differently and the relief requested.

Accordingly, Defendant's motion to dismiss is denied without prejudice to re-file.

IT IS SO ORDERED this 6th day of July, 2007.

_____
James M. Moody
United States District Judge